## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

FERNANDO ALMEYDA,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CIVIL NO.: 17-1773 (MEL)

## OPINION AND ORDER

Pending before the court is Fernando Almeyda's ("Plaintiff") appeal from the decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability benefits. Plaintiff—who applied for disability alleging disorders of the back, chronic sinusitis, status post rhinitis, sleep apnea, major depression, anxiety disorders, and asymptomatic human immunodeficiency virus (HIV)—challenges the administrative law judge's decision with regard to steps four and five of the sequential process.

## I.     PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed an application for Social Security benefits alleging that on March 15, 2016 ("the onset date"), he became unable to work due to disability. Tr. 395.[1] Plaintiff will meet the insured status requirements of the Social Security Act through December 31, 2020. Tr. 26. Prior to becoming unable to work, Plaintiff was a veterans claim representative. Tr. 29. The claim was denied on June 25, 2016, and upon reconsideration on September 1, 2016. Tr. 257, 262. Thereafter, Plaintiff requested a hearing, which was held on January 18, 2017 before Administrative Law Judge Maria Teresa Mandry (hereafter "the ALJ"). Tr. 40. On February 9,

---

[1] "Tr." refers to the transcript of the record of proceedings.

2017, the ALJ issued a written decision finding that Plaintiff was "not under a disability, as defined in the Social Security Act, from March 15, 2016, through the date of this decision." Tr. 21–35. Thereafter, Plaintiff requested review of the ALJ's decision. Tr. 17. Plaintiff's request for review was denied by the Appeals Council, rendering the ALJ's decision the final decision of the Commissioner of Social Security, subject to judicial review. Tr. 1–7. Plaintiff filed a complaint on June 8, 2017. ECF No. 1. Both parties have filed supporting memoranda. ECF Nos. 19; 20.

## II.   LEGAL STANDARD

### A. Standard of Review

Once the Commissioner has rendered a final determination on an application for disability benefits, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing [that decision], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether the ALJ employed the proper legal standards and whether her factual findings were founded upon sufficient evidence. Specifically, the court "must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error." López-Vargas v. Comm'r of Soc. Sec., 518 F. Supp. 2d 333, 335 (D.P.R. 2007) (citing Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The standard requires "'more than a mere scintilla of evidence but may be somewhat less than a preponderance' of the evidence." Ginsburg

v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's findings of fact are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing Da Rosa v. Sec'y of Health & Human Servs., 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)). Moreover, a determination of substantiality must be made based on the record as a whole. See Ortiz, 955 F.2d at 769 (citing Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." Id. Therefore, the court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

**B. Disability under the Social Security Act**

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; Barnhart v. Thomas, 540 U.S. 20, 24–25 (2003); Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 804 (1999); Yuckert, 482 U.S. at 140–42. If it is determined that the plaintiff is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step one, it is determined whether the plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether the plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If he does, then the ALJ determines at step three whether the plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then the plaintiff is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether the plaintiff's impairment or impairments prevent him from doing the type of work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). In assessing an individual's impairments, the ALJ considers all of the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by his mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functional capacity ("RFC"). Id. If the ALJ concludes that the plaintiff's impairment or impairments do prevent him from performing his past relevant work, the analysis proceeds to step five. At this final step, the ALJ evaluates whether the plaintiff's RFC, combined with his age, education, and work experience, allows him to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the

ALJ determines that there is work in the national economy that the plaintiff can perform, then disability benefits are denied.  20 C.F.R. § 404.1520(g).

## III.    THE ALJ'S DETERMINATION

In the case at hand, the ALJ found in step one of the sequential process that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 15, 2016.  Tr. 26. At step two, the inquiry as to severe impairments resulted in the ALJ determining that Plaintiff had the following severe impairments: disorders of the back, chronic sinusitis, status post rhinitis, sleep apnea, major depression, and anxiety disorders.  Id. (citations omitted).  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  Tr. 27.  Next, the ALJ determined that Plaintiff had

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that he can carry, lift, push and pull 20 pounds occasionally and frequently 10.  He can sit, stand or walk for six hours each in an eight-hour day. He can frequently climb ramps and stairs, stoop, and balance and occasionally kneel, crouch, and crawl.  He can never climb ladders or scaffolds.  He has no manipulative limitations.  He should avoid unprotected heights, moving machinery (cutting parts), and is able to drive occasionally.  He must avoid extremes of temperature, toxic vapors or other pulmonary irritants.  Mentally, he is limited to recall, understand and carry out simple and short instructions, and adapt to simple changes.  He can concentrate for extended periods at simple tasks and can interact frequently with supervisors, but occasionally with coworkers and the public.  He is able to make simple work decisions.

Tr. 29.  At step four, the ALJ determined that through the date last insured, Plaintiff could not perform any past relevant work.  Tr. 33–34.  At step five, the ALJ presented Plaintiff's RFC limitations, as well as his age, education, and work experience, to a vocational expert.  The vocational expert testified, taking all of these factors into account, that an individual would be able to perform the requirements of the following representative occupations: office helper, mail sorter,

and shipping and receiving weigher. Tr. 35. Because there is work in the national economy that Plaintiff can perform, the ALJ concluded that he is not disabled. Id.

## IV. ANALYSIS

Plaintiff challenges the ALJ's decision with regard to steps four and five of the sequential process. First, Plaintiff argues that the ALJ dismissed or minimized his pain in relation to sacroiliitis. ECF. No. 19, at 11. Second, Plaintiff argues that the ALJ did not fully develop the record regarding his pain. Id. at 14. Third, Plaintiff argues that the ALJ erred by not recognizing that he is limited to sedentary work and consequently not applying Rule 201.06 of the Medical Vocational Guidelines. Id. at 17–18.

### 1. Plaintiff's claim that the ALJ erred in minimizing his pain in relation to sacroiliitis.

Plaintiff contends that the ALJ improperly dismissed or minimized the pain and limitations associated with sacroiliitis by accepting the testimony of Dr. Francisco Joglar, the medical expert. Dr. Joglar stated that Plaintiff was receiving "the same conservative management that he ha[d] been receiving." ECF No. 19, at 11. Plaintiff argues that the ALJ should have considered that Plaintiff was receiving "conservative treatment" not because his sacroiliitis was a minimal medical condition, but because he had a "chronic immunologic condition" for which he could not receive other treatments due to secondary effects. Tr. 1112–13. Plaintiff adds that sacroiliitis is a very painful condition that limits his ability to walk and stand for too long, and that such limitations were not presented to the vocational expert.

Plaintiff's argument that the ALJ's reliance on Dr. Joglar's testimony was erroneous is unpersuasive. The fact that Plaintiff was receiving "conservative treatment" was not the only evidence that Dr. Joglar cited to in support of his opinion. The ALJ stated, and the record demonstrates, that Dr. Joglar considered all medical evidence on record, including Plaintiff's

subjective complaints regarding sacroiliitis.  Id.  Indeed, Dr. Joglar specifically pointed to the November 7, 2016 assessment of Dr. Josue G. Rivera Morales, the treating physician, in which he noted a positive response from Plaintiff's physical therapies and prescribed further therapies and "TENS" training.  Tr. 1112.  Therefore, the ALJ's reliance on Dr. Joglar's testimony is supported by substantial evidence.

Further, Plaintiff's contention that the vocational expert should have considered his inability to walk or stand for too long is unsubstantiated.  To support his claim, Plaintiff twice cites to information obtained through an online search.  ECF. No. 19, at 12, n. 8, 14, n. 9.  However, the scope of this appeal is limited to information in the record.  Plaintiff fails to point to any record evidence suggesting that he is unable to walk or stand for the period of time stated in Dr. Joglar's RFC determination.  Indeed, in his assessment, Dr. Rivera Morales did not describe any significant impairment of Plaintiff's ability to walk or stand.  Tr. 1112–13.  Dr. Rivera Morales gave a detailed description of the specific precautions to be taken by Plaintiff: "avoid heavy lifting; avoid back flexion during the mornings; avoid back flexion combined with rotation; exercise as tolerated." None of these precautions connotes an inability to walk, stand, or sit.  Id.  Therefore, the ALJ did not abuse her discretion in her proposed hypothetical to the vocational expert.  Vélez-Pantoja v. Astrue, 786 F. Supp. 2d 464, 469 (D.P.R. 2010) ("It is well within the ALJ's authority to weigh the evidence, to determine the credibility of the plaintiff's subjective complaints, and to use only credible evidence in posing a hypothetical question to a vocational expert.").

**2. Plaintiff's claim that the ALJ failed to fully develop the record.**

Plaintiff contends that the ALJ had a duty to develop the record in relation to the alleged sacroiliitis and its effect on his ability to work.  However, Plaintiff fails to show how the ALJ did not fulfill this duty.  In her decision, the ALJ stated:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to produce the above alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. Accordingly, these statements have been found to affect the claimant's ability to work only to the extent they can be reasonably accepted as consistent with the objective medical and other evidence.

Tr. 30. This indicates that the ALJ took note of Plaintiff's different alleged impairments, including those associated with sacroiliitis, but that her determination as to their intensity, persistence, and effects would be limited to those consistent with the record. Such an approach is not unfair or prejudicial. See Faria v. Comm'r of Soc. Sec., 187 F.3d 621 (1st Cir. 1998) (citing Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995) ("Reversal due to [an ALJ's alleged] failure to develop the record is only warranted where such failure is unfair or prejudicial.")). Moreover, the ALJ explicitly relied on the opinion of Dr. Joglar to ensure a fully developed record, as he had evaluated all of Plaintiff's conditions and provided a detailed opinion.

It should also be noted that at the hearing on January 18, 2017, Plaintiff's counsel neither expressed concern about Plaintiff's impairments due to sacroiliitis nor questioned Dr. Joglar about his conclusion in relation to this condition. Tr. 58–59. On the contrary, Plaintiff's counsel focused on the effects of Plaintiff's sleep apnea, which suggests that the alleged limitations due to sacroiliitis were not as important as he claims. Id. When a claimant is represented, as in this case, the ALJ should "be entitled to rely on claimant's counsel to structure and present the claimant's case in a way that [his] claims are adequately explored." Faria v. Comm'r of Soc. Sec., 187 F.3d 621 (1st Cir. 1998) (citing Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997); Sears v. Bowen, 840 F.2d 394, 402 (7th Cir. 1988)). Therefore, the ALJ properly developed the record in the case at bar.

### 3. Plaintiff's claim that the ALJ erred in not applying Rule 201.06.

Plaintiff contends that he is limited to sedentary work and that the ALJ erred in not applying Rule 201.06 of the Medical Vocational Guidelines under 20 C.F.R. § 404 Subpart P., Appendix 2, Regulation No. 4. Plaintiff's assertion that he is limited to sedentary work conflicts with the rest of the evidence in the record and is unpersuasive. Sedentary work

> represents a significantly restricted range of work, and individuals with a maximum sustained work capability limited to sedentary work have very serious functional limitations. Therefore, as with any case, a finding that an individual is limited to less than the full range of sedentary work will be based on careful consideration of the evidence of the individual's medical impairment(s) and the limitations and restrictions attributable to it. Such evidence must support the finding that the individual's residual functional capacity is limited to less than the full range of sedentary work.

20 C.F.R. § Pt. 404, Subpt. P, App. 2. There was a sufficient basis for the ALJ's decision to rely on Dr. Joglar's opinion that Plaintiff was capable of performing light work. First, as the ALJ pointed out in her opinion, "on April 12, 2016, at the State Insurance Fund (SIF), the physical examination was unremarkable and he referred feeling well." Further, "at Grupo Fisiátrico y Terapia Física, from May 23, 2016 through June 21, 2016, the claimant was found with limited lumbar flexion, but normal muscle strength, normal balance and normal gait." Tr. 30. Second, as already stated, Dr. Rivera Morales's notes from his evaluation on November 7, 2016 show only a small range of limitations on Plaintiff's functionality. Tr. 1112–13. Third, the ALJ considered the assessment of Dr. Lourdes Marrero, a state agency medical consultant, who also stated "that the claimant can perform light work exertion." Tr. 32. Therefore, Plaintiff's contention that he is limited to sedentary work is without merit.

### V. CONCLUSION

Based on the foregoing analysis, the court concludes that the decision of the Commissioner was based on substantial evidence. Therefore, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of August, 2019.

s/Marcos E. López
U.S. Magistrate Judge
